UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLARE R. KELLY, JUDGE

| | |
|---|---|
| JSW STEEL (USA) Inc., ) <br> ) <br>    Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> UNITED STATES, ) <br> ) <br>    Defendant. ) <br> ) | Court No. 19-00133 |

## [Proposed] ORDER

On consideration of Defendant's motion for an extension of twenty-five days to file its USCIT Rule 56.1 Response Brief, and on consideration of Plaintiff's opposition thereto, it is hereby

ORDERED that Plaintiff's motion is denied, and it is further

ORDERED that the United States shall file its Response Brief on or before February 14, 2020, and it is further

ORDERED that Defendant shall file any Reply Brief on or before March 2, 2020.

Dated:_____                              _____
    New York, NY                                                        JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLARE R. KELLY, JUDGE

|  |  |  |
|---|---|---|
| JSW STEEL (USA) Inc., | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 19-00133 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR AN EXTENSION OF TWENTY-FIVE DAYS TO FILE ITS RULE 56.1 BRIEF**

Plaintiff JSW Steel (USA) Inc. ("JSW") submits this Memorandum in opposition to Defendant's motion for an extension of twenty-five days to file its USCIT Rule 56.1 Response Brief on the grounds that the extension sought is unnecessarily long and, importantly, unduly prejudicial to JSW.

Initially, we would like to clarify the events precipitating the Government's current motion. On January 30, 2020, two business days before the February 3 deadline to file its opposition to JSW's Rule 56.1 motion, counsel for the Government emailed counsel for JSW requesting a twenty-one day extension of the deadline. In the email, counsel stated that the Government's brief was prepared and that it only needed to complete an "internal review/concurrence process." *See* **Exhibit 1** at 3. JSW's counsel responded promptly by telephone, explaining that such a long extension would present a serious conflict because counsel would be in a three-week commercial arbitration commencing on March 9.

However, given the limited nature of what the Government needed to accomplish—and seeking to avoid any unnecessary dispute—JSW offered to consent to a one-week extension.

When the Government, surprisingly, rejected that proposal, JSW offered to accommodate the Government even further by agreeing to extend the time to file by two business weeks (eleven days) until February 14, 2020.  In so doing, JSW reiterated that any more than eleven days would "present[] a serious conflict on [counsel for JSW's] end, which would necessitate delaying [the submission of this matter] until late-April.  Such a delay would be prejudicial to [JSW], who is seeking the return of tens of millions of dollars, and is anxious to get this matter resolved."  **Exhibit 1** at 2.  To offset some of this delay, JSW even offered to take only a seven-day extension of its own time to reply.  *Id.*

The following day (now one day prior to its filing deadline), the Government again rejected JSW's accommodation and asked whether JSW would oppose an extension until February 21.  Seeing no reason for such a lengthy delay and having been given none, JSW could not agree.  It reiterated that it would not oppose a more limited extension until February 14.

The Government filed this motion later that day, seeking to extend its time not until February 21 (as it had suggested), but to February 28.  In its motion, the Government never bothers to explain why it waited until the last day to raise this issue (especially since the schedule has been set since this Court's October 29 Order).  Nor does it explain why it now needs almost four weeks more to obtain internal clearance to file a brief it has already drafted.  These omissions are telling.  In light of the foregoing, and for at least the following reasons, the Government's request should be denied.

***First,*** the Government has already had more than ample time to respond to JSW's motion, which was filed on December 13, 2019.  Specifically, while negotiating the Scheduling Order (Dkt. #24), the Government requested two weeks beyond the thirty-five day response period prescribed by USCIT Rule 56.1(d).  In good faith, JSW agreed.  As a result, the schedule, as

reflected in this Court's October 29 Order (*see* Dkt. # 24), ultimately allowed the Government fifty-two days to file its Response.

Those fifty-two days should have been more than enough time for the Government to complete its response, plan for and complete any internal review, and file its papers. Waiting until the last minute to seek an extension and then insisting on almost four additional weeks simply to gain "concurrence,"[1] suggests that the Government never made a serious attempt to comply with the Court's Order. JSW's offer to extend the Government's time until February 14 is, by any measure, more than sufficient for the Government to complete its internal review process.[2] And, we submit, if so ordered, it will be.

***Second***, twenty-five additional days (when added to the fifty-two days the Government has already had) is hardly a "brief" delay. JSW filed its requests for exclusion from the Section 232 tariffs in April and May 2018, almost two years ago. It took the Government more than a year to deny them (despite its own regulations, which provide that the Government should decide each exclusion request within 106 days of submission, *see* 15 C.F.R. pt. 705, supp. 1(h)(3)(i)). The attempt to stall this matter further is simply the next chapter in a series of delays that began in mid-2018.

***Third***, more importantly, the Government's claim that "JSW should not be unduly prejudiced by this brief 25-day extension" is simply wrong. *See* Dkt. # 41 at 3. The Government blithely ignores the fact that each delay in this case deprives JSW of the tens of millions of dollars in operating capital it paid (but should not have had to pay) toward the Section 232 tariffs. That money matters a great deal. In fact, the Government's reference to JSW's EAF facility at Baytown, Texas

---

[1] It is unclear which other agencies' review is necessary, as the Department of Commerce alone is responsible for administering the Section 232 tariff exclusion process.

[2] JSW also notes that, although counsel for the Government has represented that he will be unavailable the week of February 11-15, there is no reason the approvals cannot be secured before then. In any event, counsel makes no effort to explain why the additional two weeks between February 17 and February 28 are necessary for the Government to file its Response.

omits a crucial detail illustrating the point: JSW has had to put its plans to develop the facility on hold due to capital constraints. A significant portion of the capital it would have used to develop its EAF facility was diverted to pay the Section 232 tariffs it should never have been required to pay in the first instance. The just resolution of this case will restore this (wrongfully deprived) capital to JSW. Telling JSW it can get its money back with *de minimis* interest someday is neither a reasonable nor an appropriate response from the Government.

***Fourth***, the Government correctly observes that "this [is a] case of first impression relating to a new administrative process." Dkt. # 41 at 2. There are, as the Government notes, "tens of thousands" of potential claims for improperly denied exclusions requests from other companies. Those companies are domestic steel companies who employ thousands of American workers and indirectly support thousands more jobs in their respective communities. The presence of their potential claims is not, as the Government suggests, a reason to slow down the process. To the contrary, it is a reason to expedite it.

*          *          *

For the foregoing reasons, JSW respectfully requests that the Court extend Defendant's time to respond to no later than February 14, 2020.

Dated: New York, New York
February 3, 2020

Respectfully submitted:

**CHAFFETZ LINDSEY LLP**

By: /s/ Sanford Litvack

Sanford Litvack
Andrew L. Poplinger
R. Matthew Burke
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax. (212) 257-6950
s.litvack@chaffetzlindsey.com
a.poplinger@chaffetzlindsey.com
r.m.burke@chaffetzlindsey.com

*Counsel for Plaintiff JSW Steel (USA) Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(2), the undersigned certifies that Plaintiff's opposition to Defendant's motion for an extension of twenty-five days to file its Rule 56.1 Response Brief contains 1137 words as computed by Chaffetz Lindsey LLP's word processing system, excluding those portions that do not count toward the word limitation and, thus, complies with the Court's Chambers Procedures.

/s/ Sanford Litvack